Citation Nr: 1829587 
Decision Date: 06/20/18 Archive Date: 07/02/18

DOCKET NO. 05-39 063A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Baltimore, Maryland


THE ISSUE

Entitlement to service connection for an acquired psychiatric disability, to include
posttraumatic stress disorder (PTSD), depression, and anxiety. 


REPRESENTATION

Veteran represented by: Jason W. Shoemaker, Attorney


WITNESS AT HEARING ON APPEAL

The Veteran




ATTORNEY FOR THE BOARD

Monica Dermarkar, Associate Counsel


INTRODUCTION

The Veteran had active military service from September 1986 to January 1987 and from October 1987 to November 1991. The Veteran also had periods of active duty for training (ACDUTRA) from September 1986 to January 1987; from May 30, 1998 to June 11, 1998; and from January 30, 1999 to February 13, 1999. 

This matter comes before the Board of Veterans' Appeals (Board) from a January 2005 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia. 

The Veteran testified during a Board hearing before the undersigned in July 2008; a transcript of that hearing is of record. 

In September 2008, November 2009, June 2011, and February 2015, the Board remanded this matter to the RO for further development.

In the most recent Board remand, the Board took note that the record included an October 2013 Supplemental Statement of the Case (SSOC) which discussed and considered a VA examination conducted at the Baltimore VA Medical Center on August 30, 2013. However, efforts to locate the examination report were unsuccessful by the Board and the Board remanded the claim in order to locate and obtain the August 30, 2013 VA psychiatric/PTSD examination. 

In a May 2016 VA Report of General Information, the RO case manager for the Veteran expressed that there was no indication of any exams for PTSD. 

Generally, the scope of a disability claim includes any disability that may
reasonably be encompassed by the claimant's description of the claim, reported
symptoms, and any other information of record. See Clemons v. Shinseki, 23 Vet.
App. 1 (2009). 

In this case, the Veteran's claim was initially entitlement for service connection for PTSD. However, the record reasonably raises a claim for depression as well as anxiety. For this reason, the Board has re-characterized the claim as entitlement for service connection for acquired psychiatric disability to include PTSD, depression and anxiety.

In addition, VA treatment records were added to the record subsequent to the issuance of the October 2013 Supplemental Statement of the Case (SSOC). The AOJ will have the opportunity to consider this evidence on remand.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

Although additional delay is regrettable, the Board finds that remand is necessary to ensure that there is a complete record upon which to decide the Veteran's claims so that the Veteran is afforded every possible consideration.

First, an SSOC must be furnished to the claimant when additional pertinent evidence is received after a previous SOC or SSOC has been issued. 38 C.F.R. § 19.31.

In this case, no SSOC addressed the additional VA medical evidence added to the evidence of record after the SSOC was issued in October 2013. Since the additional evidence in question is neither duplicative of other evidence nor irrelevant, and since an SSOC pertaining to that evidence was not issued, this evidence must be referred back to the AOJ. See Disabled American Veterans v. Secretary of Veterans Affairs, 327 F.3d 1339 (Fed. Cir. 2003); 38 C.F.R. § 20.1304.

Second, the Veteran seeks service connection an acquired psychiatric disability, to include PTSD, depression, and anxiety that she has repeatedly expressed occurred during active duty service. 

During her July 2008 Board hearing, the Veteran testified that she was bruised and battered by a fellow soldier; that she reported the incident to the military police; that a formal complaint was filed; and that the assailant received a 14 day restriction and loss of pay. 

In regards to the issue of service connection for acquired psychiatric disability, to include PTSD, depression, and anxiety the Veteran should be afforded a VA examination as the record does not include a VA psychiatric examination and the VA's duty to assist includes providing a medical examination or obtaining a medical opinion when necessary to make a decision on a claim, as defined by law. See 38 U.S.C. § 5103A (d) (2012); 38 C.F.R. § 3.159(c) (4) (2017). Review of the record indicates that there is sufficient evidence of record for this duty to assist to attach. 

For this reason, a remand for an examination is warranted.

Accordingly, the case is REMANDED for the following action:

1. Obtain updated VA treatment records.

2. After completing the above, schedule the Veteran for a VA examination to address her claimed acquired psychiatric disability. For each psychiatric disorder diagnosed, the examiner is asked to provide an opinion as to whether it is at least as likely as not (i.e., a 50 percent or greater probability) that any of the Veteran's psychiatric disorders are causally or etiologically related to the Veteran's periods of active service.

Opinions should be provided based on the results of examination, a review of the medical evidence of record, and sound medical principles. The examiner must provide a rationale for the opinions provided and reconcile any opinion with any contradictory evidence of record.

Please note that the Veteran is competent to attest to factual matters of which she has first-hand knowledge. The examiner must elicit a full history from the Veteran and consider the lay statements of record. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner must provide a fully reasoned explanation.

A detailed rationale is requested for all opinions provided.

3. After completion of the above, review the expanded record, including the evidence entered since the most recent supplemental statement of the case, and readjudicate the claims. If any benefit sought remains denied, furnish the Veteran and her representative with another supplemental statement of the case. A reasonable period should be allowed for response before the appeal is returned to the Board.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
JOHN Z. JONES
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).